UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEAN GILL,**

       **Plaintiff,**

**v.**                                          **Case No: 6:16-cv-1335-Orl-41GJK**

**STEVE HARPER PAINTING, INC. and
STEVE HARPER,**

       **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION TO APPROVE REVISED SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE (Doc. No. 29)**
>
> **FILED:**     **April 17, 2017**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I. FACTUAL BACKGROUND

On July 25, 2016, Plaintiff filed a complaint against Defendants alleging unpaid overtime in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. Doc. No. 1. On October 3, 2016, Plaintiff filed his answers to the Court's interrogatories. Doc. No. 19. In his answers, Plaintiff did not provide a precise calculation of alleged damages. *Id.* at 2. Instead, he states that he "will provide a more precise calculation upon receipt of Defendants' complete production of weekly payroll information …" *Id.* On November 16, 2016, Plaintiff filed a notice

of settlement. Doc. No. 22. Thus, the parties settled their case before Plaintiff provided a precise calculation of his alleged damages.

On December 29, 2016, the parties filed a joint motion to approve their FLSA settlement agreement and dismiss the case with prejudice (the "First Motion"). Doc. No. 25. On February 2, 2017, the undersigned denied the First Motion because separate consideration was not given for: 1) the broad general release; and 2) the confidentiality provision. Doc. No. 26 at 3-7. On April 17, 2017, the parties filed a joint motion (the "Renewed Motion") to approve their revised FLSA settlement agreement (the "Agreement") and dismiss the case with prejudice. Doc. No. 29. The matter has been referred to the undersigned for a report and recommendation. Doc. No. 12. For the reasons that follow, the undersigned recommends that the Agreement be approved with certain modifications and the case be dismissed with prejudice.

## II. APPLICABLE LAW

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is

unenforceable. *Id.* Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish
> Zidell's compensation if Silva prevailed on the FLSA claim is of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *See also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[2] For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.
[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.
[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.</u>

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

### III. ANALYSIS

#### A. The Settlement Terms

In exchange for a release of claims, waiver of future employment, and jury trial waiver, Plaintiff has agreed to accept a total amount of $500. Doc. No. 29 at 6. The $500 comprises $250 in unpaid wages and $250 in liquidated damages. *Id.* As noted above, Plaintiff did not provide a precise calculation of his alleged damages. Doc. No. 19 at 2. Thus, it is unclear whether Plaintiff compromised his FLSA claim. Nevertheless, the First Motion states that a bona fide dispute existed between the parties. Doc. No. 25 at 1. After considering the risks of litigation, the parties decided

to settle their dispute amicably. *Id.* at 4. The parties are represented by independent counsel who are experienced in handling FLSA claims. *Id.* at 6. The parties also state that they have exchanged Plaintiff's payroll records and that there was no undue influence, collusion, or intimidation in creating the Agreement. *Id.* at 2, 4. Considering the foregoing, and the strong presumption favoring settlement, the undersigned recommends that the Court find the settlement amount to be fair and reasonable.

### B. The Release

The Agreement contains a release:

> B. <u>Release and relinquish any and all claims Plaintiff has or might have, related to the payment of wages or lack thereof</u> – whether arising under federal, state, or local law or common law – whatever the source, against Defendants … <u>arising out of any aspect of Plaintiff's employment with Defendants, or the termination thereof, or arising out of any known or unknown fact, condition, or incident occurring prior to the date of this Agreement, regardless of whether such claims are direct or derivative, known or unknown, accrued or unaccrued, or fixed or contingent</u>;

Doc. No. 29 at 5 (emphasis added). Thus, the Agreement's release appears to be limited to claims related to the payment of wages or the lack thereof. *Id.* However, the release's final clause can be interpreted to be a general release. *See id.* ("arising out of any known or unknown fact, condition, or incident occurring prior to the date of this Agreement …"). This Court has required separate consideration for releases, but only when such releases are broad, general, and not limited to certain claims. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010); *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release). Here, the release appears to be limited to claims related to the payment of wages or the lack thereof, but the Court is concerned about the final clause of the release. Doc. No. 29 at

5. The Agreement contains a severability clause. *Id.* at 8. Based on the foregoing, the undersigned recommends that the Court strike the release only to the extent that it purports to release any claims other than those related to wages.

### C. Waiver of Future Employment

The Agreement contains a waiver of future employment. *Id.* at 6. The undersigned finds that future employment waivers are different from general releases, in that Plaintiff, as a former employee of Defendants, knows exactly what he is relinquishing when agreeing not to seek future employment with Defendants. After reviewing the Agreement, the undersigned finds no indication that the future employment waiver undermines the fairness of the Agreement. Accordingly, the undersigned recommends that the Court find the waiver of future employment to be fair and reasonable.

### D. Attorneys' Fees

Under the Agreement, Plaintiff's counsel will receive $3,250 in attorneys' fees. *Id.* In the First Motion, parties represent that attorneys' fees and costs were negotiated separately from Plaintiff's recovery. Doc. No. 25 at 2. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. While such representations were not made in the Renewed Motion, the undersigned recommends that the Court accept the parties' representations from the First Motion.[5] Doc. No. 25 at 2. Accordingly, pursuant to *Bonetti*, the undersigned recommends that the Court find the Agreement's attorneys' fee provision to be fair and reasonable.

---

[5] In the First Motion, the parties also agreed to pay Plaintiff's counsel $3,250 in attorneys' fees. Doc. No. 25 at 2. Thus, there has been no change in the amount of attorneys' fees agreed upon in the First and Renewed Motions.

### E. Jury Trial Waiver

The Agreement contains a jury trial waiver. Doc. No. 29 at 9. The parties, however, do not state that Plaintiff received separate consideration for relinquishing a jury trial. Furthermore, the parties do not address whether the right to a jury trial may be waived without the plaintiff receiving separate consideration. *See Raynon v. RHA/Fern Park Mr., Inc.*, No. 6:14-CV-1112-ORL-37, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014) (severing waiver of jury trial in FLSA settlement agreement, as claim for lost wages under FLSA contains Seventh Amendment jury right, and plaintiff received nothing for the waiver). However, as noted above, the Agreement contains a severability clause. Doc. No. 29 at 8. Based on the foregoing, the undersigned recommends that the Court strike the jury trial waiver.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court **GRANT in part** and **DENY in part** the Renewed Motion (Doc. No. 29 at 1-3) as follows:

1) The Court should **STRIKE:**

    a. The release provision (Doc. No. 29 at 5, ¶ 1.B) to the extent that it purports to release any claims other than those related to wages; and

    b. The jury trial waiver (Doc. No. 29 at 9, ¶ 14); and

2) The Court should **GRANT** the Renewed Motion (Doc. No. 29 at 1-3) to the extent that the Court finds the Agreement, with the modifications set forth above, to be a fair and reasonable resolution of Plaintiff's claims; and

3) The Court should **APPROVE** the Agreement (Doc. No. 29 at 4-10) as modified; and

4) The Court should **DISMISS** the case with prejudice and direct the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on June 6, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy